UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

| | |
|---|---|
| **CASE NO.:** CV 18-08220 SJO (E) | **DATE:** January 9, 2019 |
| **TITLE:** Victor Cortes Arrellano et al v. XPO Logistics Port Services, LLC et al | |

========================================================================
**PRESENT:** THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| Victor Paul Cruz | Not Present |
| Courtroom Clerk | Court Reporter |
| **COUNSEL PRESENT FOR PLAINTIFF:** | **COUNSEL PRESENT FOR DEFENDANT:** |
| Not Present | Not Present |

========================================================================
**PROCEEDINGS (in chambers):   ORDER DENYING PLAINTIFFS' MOTION TO REMAND** [Docket No. 18]

This matter is before the Court on Plaintiffs Victor Cortes Arrellano, Reynaldo Gomez Acosta, and Servando Avila Luciano's ("Plaintiffs") Second Notice of Motion and Motion to Remand ("Motion"), filed October 12, 2018.[1] Defendants XPO Logistics Port Services, LLC, XPO Logistics Cartage, LLC, and XPO Logistics, Inc. (collectively, "Defendants") filed an Opposition on November 5, 2018, to which Plaintiffs filed a Reply on November 12, 2018.  The Court found this matter suitable for disposition without oral argument and vacated the hearing set for December 3, 2018.  See Fed. R. Civ. P. 78(b).  For the reasons discussed below, the motion is **DENIED**November 19, 2018.

I.     FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs are current and former truck drivers for Defendants, suing on their own behalf and on behalf of a class of allegedly similarly situated truck drivers who performed services for Defendants between August 14, 2006 and August 14, 2010.  (Notice of Removal, Ex. A, Second Amended Compl. ("SAC") ¶¶ 8, 14, ECF No. 1-1.)  Plaintiffs initiated this putative class action in the Superior Court for the County of Los Angeles on March 28, 2017, alleging causes of action for (1) misclassification, (2) unlawful deductions, (3) unpaid minimum wages, (4) waiting time penalties, (5) failure to pay wages owed every pay period, (6) meal period  violations, (7) rest

---

[1] The Court notes that Plaintiffs violated Local Rule 7-3, which requires parties to meet and confer with each other at least seven (7) days prior to the filing of any motion. The Court cautions that Plaintiffs' non-compliance with Local Rule 7-3 is sufficient grounds to deny its Motion. (Initial Standing Order of Judge S. James Otero ¶ 23(a).) Notwithstanding this defect, the Court exercises its discretion and accepts the Motion. *See, e.g., Prince-Weithorn v. GMAC Mortg., LLC*, No. CV 11-00816 SJO, 2011 WL 11651984, at *1 n.1 (C.D. Cal. May 5, 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

CASE NO.:  CV 18-08220 SJO (E)                    DATE:  January 9, 2019

period violations, (8) failure to provide itemized wage statements, (9) unfair competition, and (10) civil penalties under the Private Attorney General Act. (*See generally* SAC.)

In their initial complaint, Plaintiffs named XPO Port Services Inc., a California company, as the defendant. (Notice of Removal, Ex. D, ECF No. 1-6.)  On June 30, 2017, XPO Port Services, Inc. merged with Defendant XPO Logistics Port Services, LLC, a Delaware corporation. (Mot., Ex. A "Certificate of Merger", ECF No. 18-1.)  XPO Logistics Port Services, LLC was the surviving entity. (*See* Certificate of Merger.)

On February 21, 2018, the original named plaintiffs settled their claims with XPO Logistics Port Services, LLC.  (Mot. 2.)  On May 22, 2018, Plaintiffs moved to amend the complaint to remove the original named plaintiffs and substitute Reynaldo Gomez Acosta ("Acosta") and Servando Avila Luciano ("Luciano") as the new representative Plaintiffs.  (Mot. 2; Decl. of Mary Dollarhide re Notice of Removal ("Dollarhide Decl.") ¶ 3, ECF No. 4.)  Around this time, Plaintiffs were informed that Plaintiffs Acosta and Luciano had contracted as truck drivers with a different entity—XPO Cartage, Inc.—but never with Defendant XPO Logistics Port Services, LLC, or its predecessor entity, XPO Port Services, Inc.  (Dollarhide Decl. ¶ 4.)

Plaintiffs subsequently filed "Doe" amendments adding XPO Logistics Cartage, LLC—the successor entity to XPO Cartage, Inc.—and XPO Logistics, Inc. as defendants in the action. (Dollarhide Decl. ¶ 4.)  Defendant XPO Logistics Cartage, LLC is a Delaware company with its principal place of business in Ohio. (Decl. of Riina Tohvert re Notice of Removal ("Tohvert Decl.") ¶ 3, ECF No. 5.)  Defendant XPO Logistics, Inc. is incorporated in Delaware and has its principal place of business in Connecticut.  (Tohvert Decl. ¶ 4.)

Plaintiffs filed a Second Amended Complaint ("SAC") on August 13, 2018.  (Mot. 3; *see also* SAC.) Defendants XPO Logistics Cartage, LLC and XPO Logistics, Inc. were served with the SAC on August 22, 2018. (Notice of Removal, Exs. F-G, ECF Nos. 1-8, 1-9.)  On September 20, 2018, Defendants filed an answer to the SAC.  On September 21, 2018, Defendants removed the action to this Court under the Class Action Fairness Act ("CAFA").  (Notice of Removal, ECF No. 1.)  Plaintiffs now move to remand the case back to state court. (Mot., ECF No. 18.)

III.    LEGAL STANDARD

Any civil action over which the district courts of the United States have original jurisdiction may be removed to the district court of the United States for the district where such action is pending. 28 U.S.C. § 1441(a).  A defendant seeking to remove a case to federal court must file a notice of removal containing a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).  Under the Class Action Fairness Act ("CAFA"), district courts have original jurisdiction of "any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C.A. § 1332(d)(2)(A) (West).  There

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 18-08220 SJO (E)　　　　　　　　　DATE: January 9, 2019

is no anti-removal presumption in cases invoking CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

IV.　　DISCUSSION

In the instant Motion, Plaintiffs contend that the action should be remanded because (1) there is no diversity because the out-of-state Defendants are "fraudulent shell defendants," (2) Defendants have failed to demonstrate that the amount in controversy satisfies statutory requirements, and (3) removal was improper because not all Defendants consented to removal. (Mot. 2.) The Court discusses each argument in turn. For the reasons discussed below, the Court concludes that CAFA's removal requirements are met and **DENIES** Plaintiffs' Motion to Remand.

　　A.　　Diversity of Citizenship

Under CAFA, a defendant may remove a "class action in which any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C.A. § 1332(d)(2)(A). For purposes of diversity, natural persons are citizens of their state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Corporations are citizens of the state in which they are incorporated, and the state in which they have their principal places of business. *See* 28 U.S.C.A. § 1332(c)(1). In the instant action, as it was initially pled, there was no diversity of citizenship between the parties. Plaintiffs were, at all relevant times, California citizens. (SAC ¶ 8.) XPO Port Services, Inc., the defendant named in the initial complaint, was a California corporation and therefore a California citizen. (Decl. of Alvin M. Gomez in Supp. of Mot. to Remand ("Gomez Decl."), Ex. A, ECF No.18-1.) Thus, the case—as stated by the initial complaint—was not removable.

However, an action that was not initially removable may **become** removable by amendments to the complaint or other voluntary actions by the Plaintiff that create diversity, in which case "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C.A. § 1446(b)(3). The instant action became removable when Plaintiffs filed their SAC and added XPO Logistics Cartage LLC and XPO Logistics, Inc., both of which are incorporated and have their principal places of business in other states, making them non-California citizens. (Notice of Removal ¶¶ 14-15.) Accordingly, Defendants removed the action, noting that "[t]he addition of new defendants who are diverse from plaintiffs open[ed] up a **new window for removal** under 28 U.S.C. § 1446(b) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)." (Notice of Removal ¶ 1.)

Plaintiffs nevertheless argue that the instant action must be remanded because "the original defendant in this case was a California corporation at the time of the filing of the complaint" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:   CV 18-08220 SJO (E)                                     DATE: January 9, 2019

"complete diversity does not exist." (Mot. 2.)  However, as Plaintiffs themselves point out, "jurisdictional facts are assessed on the basis of Plaintiff's Complaint **at the time of removal**." (Mot. 5). *See* 28 U.S.C. § 1446(b)(3); *see also Goel v. Coal. Am. Holding Co. Inc*, No. CV 11-2349 GAF (EX), 2011 WL 13128299, at *5 (C.D. Cal. May 19, 2011) ("A court must look to the 'operative complaint at the time of removal' to determine whether it has removal jurisdiction.") Here, the operative complaint at the time of removal was Plaintiffs' Second Amended Complaint, which named two new, non-California citizens as Defendants, thus creating diversity of citizenship. (*See generally* Notice of Removal.)  CAFA requires only minimal—not complete—diversity. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).  Accordingly, a diverse defendant may remove "without regard to whether any defendant is a citizen of the State in which the action is brought." 28 U.S.C.A. § 1453(b); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006).  Thus, even if the original Defendant had been a California citizen at the time of removal, the newly added Defendants could have removed on the basis of their citizenship alone—XPO Logistics Cartage LLC as a citizen of Delaware and Ohio, and XPO Logistics, Inc. as a citizen of Delaware and Connecticut.

Plaintiffs also contend that the out-of-state Defendants are "sham defendants" whose citizenship "must be disregarded for purposes of determining diversity." (Mot. 5.)  Specifically, Plaintiffs assert that "Defendants merged their California company into out-of-state companies to avoid lawsuits in California state courts." (Mot. 1.)  Plaintiffs are correct that after a merger, only the citizenship of the surviving corporation is considered for purposes of determining diversity jurisdiction. *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986); *see also* Cal. Corp. Code § 1107(a).  Accordingly, the June 2017 merger of XPO Port Services, Inc. into XPO Logistics Port Services, LLC resulted in a change of citizenship for the original named Defendant. (Gomez Decl., Ex. A.) Because the Delaware entity—XPO Logistics Port Services, LLC—was the surviving corporation, the original Defendant is now a Delaware citizen for purposes of determining diversity. (Gomez Decl., Ex. A.)  However, to the extent Plaintiffs are suggesting that Defendants merged the California corporation into the Delaware entity to remove the case to federal court, the Court finds Plaintiffs' argument unavailing.  Even if Defendants had effectuated the merger with the intent of creating diversity of citizenship, they could not have based this removal on the original Defendant's change in citizenship.  Defendants removed the action more than a year after the merger—well beyond the 30-day timeframe that might have been available for removal based on the original Defendant's change in citizenship. (Mot. 1.)  The timing of the removal evidences that the action was removed on the basis of XPO Logistics Cartage, LLC and XPO Logistics, Inc.'s citizenship, not that of the merged entity. (*See generally* Notice of Removal.) Accordingly, the Court agrees with Defendants' assertion that they were "in no way relying on the citizenship of XPO Logistics Port Services, LLC in the Notice of Removal." (Opp'n 8.)

As part of their argument that the non-California Defendants are "sham defendants," Plaintiffs also assert that the Defendants were fraudulently joined. (Mot. 5-6.)  Joinder is fraudulent if a plaintiff joins a non-diverse defendant in order to prevent removal, but fails to state a cause of action against the defendant, and "the failure is obvious according to the settled rules of the state."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.:  CV 18-08220 SJO (E)                    DATE:  January 9, 2019

*McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  Defendants argue—and the Court agrees—that the doctrine of fraudulent joinder "has no application here, where Plaintiffs themselves insisted that they be granted leave to join two diverse entities as defendants in their lawsuit."  (Opp'n 9.)  XPO Logistics Cartage LLC and XPO Logistics, Inc. were not added by the defense to fraudulently create diversity—they were **added by Plaintiffs** because the putative class representatives contracted with them and not with the original named Defendant or its successor.  (Dollarhide Decl. ¶ 4.)  Their joinder, therefore, was not fraudulent.

In light of all of the above, the Court finds that CAFA's minimal diversity requirements have been met.

  B. Consent to Removal

The Court next addresses Plaintiffs' contention that removal was improper because not all served Defendants consented to removal.  (Mot. 9.)  Citing Section 1446(b)(2), which provides that "all defendants who have been properly joined and served must join in or consent to the removal of the action," Plaintiffs argue that removal was "procedurally defective" because the other Defendants did not join or consent to removal.  (Mot. 10.)  In support of this contention, Plaintiffs point to the fact that the Notice of Removal "does not indicate that any of the additional defendants join in the removal."  (Mot. 10.)  However, this argument is without merit.  As Defendants point out, XPO Logistics Cartage, LLC and XPO Logistics, Inc. joined in the removal, and XPO Logistics Port Services, LLC consented to removal: "This Notice of Removal is filed by Defendants XPO Logistics Cartage, LLC and XPO Logistics, Inc. Defendant XPO Logistics Port Services, LLC, by and through its undersigned counsel, consents to the removal."  (Opp'n 14; Notice of Removal ¶ 49.)  Moreover, removal of class actions under CAFA is governed by Section 1453, which provides that a qualifying class action "may be removed by any defendant **without the consent of all defendants**."  28 U.S.C.A. § 1453(b).  Thus, Defendants were entitled to remove the action to federal court irrespective of the other Defendants' joinder or consent.

  C. Amount in Controversy

Finally, the Court addresses Plaintiffs' contention that Defendants have failed to demonstrate by a preponderance of the evidence that the amount in controversy meets the statutory requirements.  (Mot. 6.)  In removing to federal court, the defendant must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).  When the defendant's AIC allegation is not contested, it should be accepted.  *See Dart Cherokee*, 135 S. Ct. at 553.  However, when the amount in controversy is contested, the defendant bears the burden of "show[ing] by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million."  *Ibarra*, 775 F.3d at 1197.  Under this standard, the defendant must provide evidence establishing that it is "more likely than not" that the requirement is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  The defendant may submit evidence outside the complaint,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

CASE NO.: CV 18-08220 SJO (E)          DATE: January 9, 2019

including affidavits or declarations, or other "summary-judgment-type evidence relevant to the amount in controversy at the time of removal. *Ibarra*, 775 F.3d at 1197. The damages assessment may also incorporate "a chain of reasoning that includes assumptions." *Id.* at 1199. However, "those assumptions cannot be pulled from thin air but need some **reasonable ground** underlying them." *Id.*

In the instant action, the amount in controversy is not facially apparent from the SAC. (*See generally* SAC.) Defendants contend in their Notice of Removal that the amount exceeds $5 million whereas Plaintiffs argue that Defendants have failed to demonstrate that the amount in controversy by a preponderance of the evidence. (Notice of Removal ¶ 19; Opp'n 6-8.) Specifically, Plaintiffs contend that Defendants' amount in controversy calculation fails to address "mitigation of damages by factors such as new employment or unemployment benefits." (Mot. 7.) However, this particular argument is inapposite in the present situation. As Defendants correctly observe, any damages resulting from Plaintiffs' being underpaid **while working** for Defendants "could not be mitigated by new employment or unemployment benefits." (Opp'n 13.) Plaintiffs also contend that Defendants' amount in controversy calculation relies on "speculation and conjecture that these Plaintiffs were without work for almost two and a half years." (Mot. 7.) Defendants assert that they made "no such assumption," and did not attribute any damages to "class members being out of work for any time at all, much less the seemingly random figure of 'two and a half years.'" (Opp'n 13.) According to Defendants, "Plaintiffs' argument on this point appears to have been imported whole-cloth from an unrelated wrongful termination case and has no bearing on this case"; the Court is inclined to agree. (Opp'n 13.)

Reviewing the allegations in the SAC, it is readily apparent that the amount in controversy requirement is met. Plaintiffs contend that "the total number of Class Members is, at least, in the hundreds, if not thousands of individuals." (SAC ¶ 18(a).) Even assuming that the class is on the lowest end of that range—a mere 200—the historical and statutorily-required damages for the causes of action alleged are sufficient to meet the CAFA requirements. For instance, the minimum statutory penalty for willfully misclassifying employees as contractors, only one of Plaintiffs' numerous causes of action, is $10,000 per instance, totaling at least $2,000,000. Cal. Labor Code § 226.8(c). In addition, Plaintiffs request compensation for unlawful deductions and unreimbursed business expenses, which the Department of Labor Standards Enforcement recently determined to average more than $70,000 **per plaintiff** in a facially analogous action against Defendant XPO Cartage, Inc. (Request for Judicial Notice, Exh. A, ECF No. 6-1.) Extrapolating these figures across a class of "hundreds, if not thousands of individuals" easily exceeds the mere $5,000,000 required to satisfy CAFA. Because the Court finds that the amount in controversy requirement has been met, it **DENIES** Plaintiffs' request to remand this action to state court.

///

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 18-08220 SJO (E)          **DATE:** January 9, 2019

V.     RULING

For the foregoing reasons, Plaintiffs' Motion for Remand is **DENIED**.

**IT IS SO ORDERED.**