Alvin M. Gomez, Esq., State Bar No. 137818
Frank Zeccola, Esq. State Bar No. 308875
**GOMEZ LAW GROUP**
2725 Jefferson Street, Suite 7
Carlsbad, California 92008
Telephone: (858) 552-0000
Facsimile: (760) 720-5217
Email: amglawyers@yahoo.com

Attorneys for Plaintiff Reynaldo Gomez Acosta, Servando Avila Luciano, Felix Nunez Duarte, and on behalf of all unnamed Plaintiffs similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

<table>
<tr><td>

VICTOR CORTEZ ARRELLANO, AND ON BEHALF OF ALL UNAMED PLAINTIFFS SIMILARLY SITUATED,

   Plaintiffs,

v.

XPO PORT SERVICE INC.; and DOES 1 through 50, inclusive,

   Defendants.

</td><td>

Case No.:  2:18-cv-08220-SJO-(E)

Consolidated with Case Nos.
2:18-CV-06175-SJO-E
2:18-CV-09144-SJO-E
2:18-cv-03736-SJO-E

**FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES FOR:**

(1) Violation of Labor Code § 226.8(a)(1) (Misclassification of Employees);
(2) Violation of Labor Code §§ 221, 224, 226 and 2802 (Unlawful Deductions and Reimbursable Expenses);
(3) Violation of Labor Code §§ 1194, 1194.2 and 1197 (Unpaid Minimum Wages);
(4) Violation of Labor Code § 203 (Waiting Time Penalties);
(5) Violation of Labor Code § 204 (Failure to Pay All Wages Owed Every Pay Period);
(6) Violation of Labor Code §§ 226.7 and 512 (Meal Periods);
(7) Violation of Labor Code §§ 226.7 and 512 (Rest Periods);
(8) Violation of Labor Code §§ 226 and 226.3 (Itemized Wage Statements);
(9) Violation of Business and Professions Code §§ 17200 *et seq.* (Unfair Competition)
(10) Violation of Labor Code §2698 *et seq.* (Private Attorney General Act)

</td></tr>
</table>

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

DEMAND EXCEEDS $75,000

UNLIMITED CIVIL CASE

DEMAND FOR JURY TRIAL

Plaintiffs Reynaldo Gomez Acosta, Servando Avila Luciano, and Felix Nunez Duarte, individually, and on behalf of other similarly situated individuals (Jointly referred to as "Plaintiffs"), by and through their undersigned attorneys, hereby file this Fourth Amended Complaint against Defendants XPO PORT SERVICES INC., XPO Logistics Port Services, LLC, XPO Logistics Cartage, LLC, XPO Logistics, Inc., and DOES 1 through 50 (Jointly referred to as "Defendants"), hereby allege against each Defendant as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.

2.     The acts and omissions complained of in this action took place in the State of California, and at least one Defendant does business in the County of Los Angeles, State of California.

3.     Venue is proper because the acts and/or omissions complained of took place, in whole or in part within the venue of this Court, and/or one or more Defendant resides and does business within the venue of this court, LOS ANGELES COUNTY.

4.     This case is not subject to arbitration under *New Prime Inc. v. Oliveira*, No. 17–340; 2019; WL 189342 (January 15, 2019) and § 1 of the Federal Arbitration Act, which "carves out from the Act's coverage 'contracts of employment of ... workers

engaged in foreign or interstate commerce.'" Because the Plaintiffs are workers engaged in foreign and/or interstate commerce, they are not subject to arbitration of their claims in this matter.

5.     Plaintiffs' California meal and rest break claims are not preempted by the Federal Motor Carrier Safety Administration's Hours of Service Regulations (49 U.S.C. 31141) because the Plaintiffs and Class Members are and were short-haul drivers (49 CFR 351.3(a)(3)(ii)) who operate(d) within a 100-mile radius (49 CFR 351.1(e)(1)(i)) and/or who return to and are released from the reporting location within 12 consecutive hours (49 CFR 351.1(e)(1)(ii)).

## <u>NATURE OF THE ACTION</u>

6.     This is a Complaint against each Defendant for wage and hour violations arising out of Defendant's misclassification of employees, failure to pay wages, failure to provide meal and rest periods, unlawful deductions, and failure to reimburse drivers for business expenses, among other violations as set forth below.

7.     As more fully set forth herein, each Defendant intentionally misclassified employees as independent contractors; failed to pay for all time worked; failed to provide off-duty meal and rest periods in accordance with California Labor Code § 226.7 and Industrial Wage Order No. 9-2001, § 11(a) (hereinafter "IWC Wage Order No. 9"); failed to pay its drivers one (1) hour of pay at their regular rate of compensation for each instance that Defendant failed to provide statutorily-mandated rest periods and off-duty meal periods; and for penalties arising from Defendant's issuing to its drivers inaccurate wage statements.

8.     Plaintiffs are informed and believe that Defendants set up "sham" independent contract agreements and related documents for the sole purpose misclassifying each

3

Plaintiff to avoid paying each Plaintiff as an employee.

9.      Defendants' creation and treatment of each Plaintiff as an independent contractor was a subterfuge to avoid employee status and done for the purpose of violating California Labor Codes and related laws in California.

**PARTIES**

10.     Plaintiffs are Reynaldo Gomez Acosta, Servando Avila Luciano, and Felix Nunez Duarte, individually and on behalf of those similarly situated. Plaintiffs were, at all relevant times, citizens of the State of California. Plaintiffs are/were employed by Defendants as a driver during the liability period as alleged herein. Plaintiffs bring the claims asserted herein on behalf of themselves and the Class that includes all individuals who performed services for Defendants in California as a Truck Driver and who were classified as an independent contractor at any time since the date that is four years prior to the date this action is filed. Plaintiffs bring the claims asserted herein on behalf of a Class that includes all individuals who contracted directly with Defendants to personally perform services in California as a Truck Driver. Plaintiffs' putative class definition **excludes** individuals who performed services for Defendants in California as "Second-Seat Drivers" who did not contract directly with Defendants. Plaintiffs' putative class definition also **excludes** all truck drivers who formed corporate entities, including Corporations and Limited Liability Companies, to be named as the party contracting with Defendants to perform services in California. Plaintiffs further allege that all Defendants exercised the same dominion and control over each and every driver that Defendants employed during the liability period. Plaintiff Putative Class Members can be identified through Defendants' records including employee timekeeping, payroll records and settlement statements, among other documents maintained by Defendants.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

4

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

11.     Defendants XPO PORT SERVICES INC., XPO Logistics Port Services, LLC, XPO Logistics Cartage, LLC, XPO Logistics, Inc., and DOES 1 THROUGH 50, are doing business in Los Angeles County, which at all times relevant during the liability period, maintained offices in Los Angeles, State of California. Defendants and each of them share drivers between each Defendant and are joint employers of Plaintiffs and Class Members. *Martinez v. Combs*, 49 Cal.4th 35, 50 (2010).

12.     Plaintiffs are currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names DOES 1 through 50, inclusive, and therefore sue such Defendants by fictitious names.  Plaintiffs will seek leave to amend this complaint to allege true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained.  Plaintiff are informed and believe and thereon alleges that each of the fictitiously named Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by each named Plaintiff.

13.     Plaintiffs are informed and believe and thereon allege that all Defendants, including the fictitious DOE Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and/or employees of all other Defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of the allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

14.     At all times herein mentioned, Plaintiffs are informed, believe and allege that

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

each Defendant was part of a well orchestrated conspiracy with each other and third parties to create illegal, void, voidable and unconscionable contracts, agreements and classification of Plaintiffs as independent rather than employees in order to avoid treating each Plaintiff as an employee and to evade the statutory and state law protections and benefits afforded to employees.  Each Defendant knowingly and voluntarily conspired with each other and third parties to illegally deduct, charge and engage in wrongful acts for the benefit of each Defendant and to harm and damage each Plaintiff.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

15.     Pursuant to California Labor Code section 2699.5, Plaintiffs have exhausted all administrative remedies and satisfied all private, administrative and judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to Plaintiffs' cause of action brought pursuant to the Private Attorney General's Act ("PAGA"), California Labor Code sections 2699 *et seq*. Plaintiffs have complied with the procedures for bringing suit specified in California Labor Code section 2699.3. Plaintiffs have given written notice, by certified mail, to the Labor and Workforce Development Agency ("LWDA") and to Defendants of the specific provisions of the California Labor Code alleged to have been violated, including the facts and theories to support those violations. More than 65 days have passed, and no response has been received from the LWDA. Accordingly, Plaintiffs have satisfied all prerequisites to pursing PAGA claims.

16.     Plaintiffs have satisfied all private, administrative and judicial prerequisites to the institution of this action.

17.     The California Workers' Compensation Act does not preempt this action because Defendants' unlawful practices, as alleged herein, are not risks or conditions

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

of employment. Plaintiffs are not required to satisfy any further private, administrative, or judicial prerequisites to the institution of this action, insofar as such prerequisites pertain to any of the remaining causes of action in this complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

18.   Each Defendant provides various shipping services throughout California.

19.   At all times during the liability period (4 years prior to the filing of the original Complaint, to wit: March 27, 2017), Defendants employed each Plaintiff as a truck driver in providing Defendants' services.

20.   At all times during the liability period, Defendants employed each Plaintiff, and those similarly situated, as "independent contractors" even though the work performed and conditions of employment were that of an "employee."

21.   Industrial Welfare Commission Order No. 9-2001, which applies to Defendants' business states at section 2:

> "Employ means to engage, suffer, or permit to work."
> "Employee means any person employed by another."
> "Employer means any person...who directly or indirectly, or through an agent or any other person, employs or exercises control over wages, hours or working conditions of any person."

22.   The conditions of employment with Defendants include, but are not limited to:

a.   Defendants provide drivers with company-owned trucks and Defendants maintains control over the trucks, including insurance, permits, licenses, maintenance, placards and use;

b.   Defendants exercised direct control of the manner that each driver performs their work, including controlling their schedules, where the driver delivers product, how the driver works, paperwork, contact and communication with dispatch, purchase of fuel, collection of charges from customer, billing, reporting requirements, and related controls exerted by Defendants;

c.   Drivers report to Defendants' offices where they are assigned work and where they were required to park the trucks;

d.   Defendants can and did discipline, de-allocate and terminate drivers;

e.   Defendants require drivers to follow its policies, procedures, customs

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

7

and     practices;

f.    Defendants provide drivers work-related and safety training;

g.    Defendants take corrective action against drivers for policy violations including re-training using Defendants' internet-based training programs;

h.    Each Plaintiff worked full-time exclusively for Defendant during the period of employment;

i.    Defendants award drivers periodic bonuses based, at least in part, on driver performance and tenure with Defendants;

j.    Defendants require that their drivers maintain constant communication with Defendants throughout the workday;

k.    Defendants pay drivers on established pay periods and regularly by direct deposit;

l.    Defendants unilaterally and exclusively control the rate of pay paid to drivers without the opportunity to negotiate by drivers;

m.    Operating permits are required for drivers to perform the duties for Defendants   under Defendants' name exclusively which prevented each Plaintiff from using the truck for any purpose other than for Defendants;

n.    The duties performed by the drivers for Defendants are a regular and essential part of Defendants' business;

o.    Defendants threatened Plaintiffs that if they refused to accept a load then they could be terminated or not given a load until the next day;

p.    Plaintiffs could be disciplined or removed from a customer route by Defendants if a Plaintiff was not courteous to Defendants' customers;

q.    Defendants required that each Plaintiff follow any rules established by Defendants' customers, the rail yard and the marine terminals;

r.    Defendants required that each Plaintiff report any incidents, accidents, or conflicts;

s.    Defendants specifically prevented each Plaintiff from using the trucks for any other business;

t.    Defendants controlled where each Plaintiff parked the truck;

u.    The work performed by each Plaintiff was an integral and regular part of Defendants' business; and

v.    Defendants engaged in subterfuge to avoid employee status, among other factors that establish an Employer and Employee relationship.

Plaintiffs bring this action on behalf of themselves and a class action on behalf

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

8

of the following class: All individuals who performed services for Defendants in California as a Truck Driver and who were classified as an independent contractor at any time since the date that is four years prior to the date this action is filed; and who contracted directly with Defendants to perform services in California as a Truck Driver.

The putative class definition **excludes**:

i.    All individuals who performed services for Defendants in California as "Second-Seat Drivers" who did not contract directly with Defendants.

ii.   All corporate entities, including corporations and limited liability companies, which contracted directly with Defendants to perform services in California as Truck Driver(s).

23.   Defendants exercised the same dominion and control over every driver in the above Class that Defendants employed during the liability period. This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable. The Class and subclass defined herein satisfy all class action requirements:

a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible, insofar as Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is, at least, in the hundreds, if not thousands of individuals. Membership in the Classes will be determined by and upon analysis of records maintained by Defendants.

b.    Commonality: Plaintiff and Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

1)        Whether Defendants violated one or more of California's Wage Orders, the California Labor Code and/or California Business and Professions Code sections 17200 *et seq.* by misclassifying employees as independent contractors and failing to pay all wages due to Plaintiff and Class Members;

2)        Whether Defendants violated California Labor Code sections 400-410 and/or section 2802 by requiring Plaintiff and Class Members to pay all or a portion of the normal business expenses of Defendants;

3)        Whether Defendants violated and/or continues to violate, California Labor Code section 1174 by failing to keep accurate records of Plaintiff's and Class Members' hours of work;

4)        Whether Defendants violated, and continues to violate California Labor Code sections 201-204 by failing to pay all wages due and owing at the time particular Class Members' employment with Defendants terminated;

5)        Whether Defendants violated and/or continues to violate California Labor Code section 226 by failing to provide semi-monthly itemized wage statements to Plaintiff and Class Members of total hours worked and all applicable hourly rates in effect during each relevant pay period.

6)        Whether Defendants violated and/or continue to violate California Labor Code section 1194 by failing to pay minimum.

c.        <u>Typicality</u>: Plaintiff's claims are typical of the claims of Class Members. Plaintiff and Class Members sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of state law, as alleged herein.

d.        <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

e.        <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Plaintiff Classes, in that Plaintiff's claims are typical of those of Class Members, and Plaintiff has the same interests in the litigation of this case as Class Members. Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel experienced in litigation of this nature. Plaintiff is not subject to any individual defenses unique from those conceivably applicable to the class as a whole. Plaintiff anticipates no management difficulties in this litigation.

24.      At all times during the liability period, each Plaintiff and Class Member was

subjected to unlawful, improper and illegal deductions from their wages by Defendants.

25.    At all times during the liability period, Plaintiff and Class Members were unlawfully, illegally and wrongfully required to bear the costs of Defendants' business expenses which Defendants did not reimburse to their drivers.

26.    At all times during the liability period, each Plaintiff and Class Member worked work weeks during which despite working more than forty hours, Defendants failed to pay at least minimum wage for all hours worked after deductions.

27.    At all times during the liability period, each Plaintiff and Class Member worked work weeks during which despite working more than forty hours, were not paid or timely paid by Defendants at least minimum wage after deductions and when due as required by California Labor Code § 204.

28.    At all times during the liability period, each Plaintiff and Class Member was assigned and required to work shifts lasting over four (4) hours and were not offered, provided or allowed to take a ten (10) minute, uninterrupted, rest period during each such shift or four (4) hour work period.

29.    At all times during the liability period, each Plaintiff and Class Member was assigned and required to work shifts lasting over five (5) hours and were not offered, provided or allowed to take a thirty minute, uninterrupted, off-duty meal period. Moreover, each Plaintiff and Class Member often worked in excess of ten (10) hours without a second thirty minute, uninterrupted, off-duty meal period.

30.    At all times during the liability period, each Plaintiff and Class Member was not provided accurate itemized wage statements.

31.    Defendants' conduct, action and inaction, as alleged herein, have caused each Plaintiff and Class Member damages including, but not limited to, loss of wages and

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

compensation.  Defendants are liable to each Plaintiff and Class Member for failing to properly and timely reimburse business expenses, unlawfully deducting from wages, failing to pay minimum wages, failing to pay all wages owed each pay period, failure to provide timely and accurate wage statements, failure to pay all wages owed upon termination and engage in unfair competition.  All of the aforementioned acts are violations of the California Labor Code, statutory and common laws of California.

**FIRST CAUSE OF ACTION**
**INTENTIONAL MISCLASSIFICATION OF EMPLOYEES**
**(Violation of Labor Code § 226.8;** *Dynamex Operations W., Inc. v. Superior Court*; *S. G. Borello & Sons, Inc. v. Department of Industrial Relations***)**

32.    Plaintiffs hereby incorporate by reference paragraphs 1 through 31, as though they are fully set forth herein.

33.    California Labor Code § 226.8(a)(1) states, in relevant part, that "It is unlawful for any person or employer to willfully misclassify an individual as an independent contractor."

34.    In California, "employment" is defined broadly in terms of "service to an employer" and incudes "a general presumption that any person 'in service to another' is a covered 'employee.'" *Borello*, 48 Cal.3d at 354 (citing Labor Code §§ 3351, 5705(a); *see also Laeng v. Workmen's Comp. Appeals Bd.*, 6 Cal. 3d 771, 777 (1972) ("Section 3357 of the Labor Code declares that 'Any person rendering service for another . . . *is presumed* to be an employee'") (emphasis added). This presumption was most recently confirmed in *Dynamex Operations West, Inc. v. Superior Court*, 4 Cal.5th 903, 955 (2018). There, the Court held that California's employment test, "presumptively considers all workers to be employees." *Id*. Consequently, Defendant bears a heavy burden to rebut the presumption of employee status of the Plaintiffs.

35.    "Under the ABC standard, the worker is an employee unless the hiring entity

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

(XPO) establishes **each** of three designated factors:

> (a) that the worker is free from control and direction over performance of the work, both under the contract and in fact;
> (b) that the work provided is outside the usual course of the business for which the work is performed; and
> (c) that the worker is customarily engaged in an independently established trade, occupation or business (hence the ABC standard).

If the hirer fails to show that the worker satisfies each of the three criteria, the worker is treated as an employee, not an independent contractor." *Id.* at FN 20.

36.   "It bears emphasis that in order to establish that a worker is an independent contractor under the ABC standard, the hiring entity is required to establish the existence of each of the three parts of the ABC standard. Furthermore, in as much as a hiring entity's failure to satisfy any one of the three parts itself establishes that the worker should be treated as an employee for purposes of the wage order, a court is free to consider the separate parts of the ABC standard in whatever order it chooses." *Dynamex*, 4 Cal. 5th at 963.

37.   In addition, "[b]esides the "right to control the work," the factors include the alleged employee's opportunity for profit or loss depending on his managerial skill; (2) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (3) whether the service rendered requires a special skill; (4) the degree of permanence of the working relationship; and (5) whether the service rendered is an integral part of the alleged employer's business." *S. G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal.3d 341, 354-355 (1989).

38.   California Labor Code § 226.8(i)(4) states, in relevant part, that "'Willful misclassification' means avoiding employee status for an individual by voluntarily and knowingly misclassifying that individual as an independent contractor."

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

39.    California Labor Code § 226.8(b) states, in relevant part, that "If a person or employer has willfully misclassified an individual as an independent contractor, the person or employer shall be subject to a civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law."

40.    California Labor Code § 226.8(c) states in relevant part, that "If the person or employer has engaged in or is engaging in a pattern or practice willfully misclassifying individuals as independent contractors, the person or employer shall be subject to a civil penalty of not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law."

41.    Each Defendant was aware of its obligations under the California Labor Code.

42.    Each Defendant was given notice of its violations; yet, chose to ignore its obligations under California law.

43.    Each Defendant devised a scheme and plan to usurp and violate California Labor laws so that they could achieve maximum profits at the expense of each Plaintiff.

44.    Defendants violated Labor Code § 226.8 by willfully misclassifying many of its employees, past and present, including each Plaintiff, as independent contractors.

45.    Defendants have engaged in a pattern and practice of misclassifying their employees as independent contractors to avoid the taxes, insurance and other costs that accompany employee status.

46.    Each Plaintiff is entitled all damages, penalties, interest and attorney fees as a result of Defendants violations of the Labor Code and it is requested that this Court

issue an Order to enjoin and stop Defendants from engaging in this practice of misclassifying employees.

47.    Further, the independent contractor agreements that Plaintiffs signed are unconscionable:

> "[U]nconscionability has both a 'procedural' and a 'substantive' element, the former focusing on 'oppression' or 'surprise' due to unequal bargaining power, the latter on 'overly harsh' or 'one-sided' results. The prevailing view is that [procedural and substantive unconscionability] must both be present in order for a court to exercise its discretion to refuse to enforce a contract or clause under the doctrine of unconscionability. But they need not be present in the same degree. Essentially a sliding scale is invoked which disregards the regularity of the procedural process of the contract formation, that creates the terms, in proportion to the greater harshness or unreasonableness of the substantive terms themselves. In other words, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa."

*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114 (citations omitted).

48.    Procedural unconscionability focuses on "'oppression' or 'surprise' due to unequal bargaining power," and concerns the manner in which the contract was negotiated and the parties' circumstances at that time. *See Armendariz*, 24 Cal.4th at 113-14.

49.    "Oppression arises from an inequality of bargaining power which results in no real negotiation and an absence of meaningful choice." *Serafin v. Balco Properties Ltd., LLC* (2015) 235 Cal.App.4th 165, 177. "Surprise" involves the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms." *Tiri v. Lucky Chances, Inc.* (2014) 226 Cal.App.4th 231, 245.

50.    "[P]rocedural unconscionability focuses on the manner in which the disputed clause is presented to the weaker party. If the weaker party is effectively told to 'take it

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

15

or leave it' without the opportunity for meaningful negotiation, an element of procedural unconscionability is present." *Sabia v. Orange Cnty. Metro Realty* (2014) 227 Cal.App.4th 11, 35. See also *Szetela v. Discover Bank* (2002) 97 Cal. App. 4th 1094, 1100 (when the weaker party is told to take it or leave it without a meaningful opportunity to negotiate, procedural unconscionability is present.); *Aral v. EarthLink, Inc.* (2005) 134 Cal. App. 4th 544, 557 (no opportunity to opt out "is quintessential procedural unconscionability"). The Independent Contractor Agreement was presented on take-it-or-leave-it basis, which Plaintiff was forced into by the means of fraud and was not able to negotiate.

51.    "The term [contract of adhesion] signifies a [1] standardized contract, which, [2] imposed and drafted by the party of superior bargaining strength, [3] relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Armendariz*, 24 Cal.4th at 113. Even where reasonable alternatives exist, adhesion contracts are procedurally unconscionable, but the degree of unconscionability is minimal. *Roman v. Superior Court* (2009) 172 Cal. App. 4th 1462, 1470–71 & n. 2.

52.    The "Independent Contractor Agreements" were prepared solely by Defendant and no Driver had any input into the "form contract" created by Defendant. The document was lengthy, complex, convoluted, and riddled with legal jargon that was created solely for the benefit of Defendant.

53.    Based upon prior dealings with the Drivers, Defendant knew that most of its drivers were Spanish-Speaking/Reading only; yet, Defendant did not take steps to ensure that drivers were able to understand the Agreements. Plaintiffs did not read or understand the terms of the Agreement drafted exclusively by Defendant.

54.    Plaintiffs were offered no opportunity to negotiate any terms of the boilerplate Agreement, even though most of the terms were one-sided and for the exclusive

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

benefit of Defendant.  Lacking any real bargaining power or an understanding of the Agreement and all of its terms, Plaintiffs reluctantly signed the Agreement under economic duress since they had no alternative or any other viable option to continue earning a living.

55.    Further, [s]ubstantively unconscionable…may generally be described as unfairly one-sided." *Little v. Auto Striegler, Inc.* (2003) 29 Cal.4th 1064, 1071. Substantive unconscionability "has to do with the effect of contractual terms and whether they are unreasonable." *Marin Storage & Trucking, Inc. v. Benco Contracting and Eng'g, Inc.* (2001) 89 Cal.App.4th 1042, 1053.

56.    The Independent Contractor Agreements provide no rights for Plaintiffs, but only enumerate their obligations. As for the Defendant, however, these agreements provide a complete control over Plaintiffs, including the right to make unspecified deductions from the payment Plaintiffs are to receive, and governs relationships between Plaintiffs and third parties, while not offering any similar control to Plaintiffs.

57.    Therefore, the Independent Contractor Agreements are both Procedurally and Substantively Unconscionable and unenforceable as a matter of law.

**SECOND CAUSE OF ACTION**
**UNLAWFUL DEDUCTIONS FROM WAGES AND FAILURE TO INDEMNIFY**
**(Violation of Labor Code §§ 221, 226.8 and 2802)**

58.    Plaintiffs hereby incorporate by reference paragraphs 1 through 57, as though they are fully set forth herein.

59.    Labor Code § 221 makes it unlawful for an employer to "collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

60.     Labor Code § 226.8 makes it unlawful to charge a willfully-misclassified contractor a fee or to make any deductions from compensation for any purpose, including for goods, materials, space rental, services, government licenses, repairs, equipment maintenance, or fines.

61.     Pursuant to Labor Code § 2802, it is unlawful for an employer to require employees to expend monies or indemnify their employer for losses in direct consequence of the discharge of their duties.

62.     For the three (3) years preceding the filing of this lawsuit, Defendants were required indemnify and reimburse each Plaintiff and Class Member for all expenditures or losses incurred in direct consequence of the discharge of their duties, but failed to indemnify and reimburse, as an employer is required to do under the Labor Code.  Further, Defendants made unlawful deductions and/or set-offs from Plaintiff's wages and failed to properly itemize all deductions from wages in violation of Labor Code §§ 226 and 2802.

63.     During the three (3) years preceding the filing of this Complaint, Defendants withheld indemnification from, charged, deducted, and/or set-off the wages of each Plaintiff unlawfully.

64.     In violation of state law, Defendants knowingly and willfully refused to perform their obligations to compensate each Plaintiff and Class Member for all wages earned and all hours worked, and failed to properly indemnify and reimburse each Plaintiff and Class Member.  As a direct result, each Plaintiff and Class Member has suffered, and continues to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at time of trial.  Defendants

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention of injuring Plaintiff, from improper motives amounting to malice, and in conscious disregard of Plaintiffs rights. Plaintiff and Class Members are thus entitled to recover nominal, actual, compensatory, punitive, and exemplary damages in amounts according to proof at time of trial.

65.    Defendants' conduct described herein violates Labor Code §§ 221, 226 and 2802.    As a proximate result of the aforementioned violations, Plaintiffs have been damaged in an amount according to proof at time of trial.  Therefore, pursuant to Labor Code §§ 203, 218.5, 221, 226 and 2802, Plaintiff and Class Members are entitled to recover the unpaid balance of wages Defendants owe Plaintiffs, plus interest, penalties, attorneys' fees, expenses and costs of suit.

66.    Each Plaintiff is entitled all damages, penalties, interest and attorney fees as a result of Defendants violations of the Labor Code and it is requested that this Court issue an Order to enjoin and stop Defendants from engaging in this practice of engaging in unlawful deductions and failing to indemnify employee for proper expenses.

### THIRD CAUSE OF ACTION
### FAILURE TO PAY MINIMUM WAGES
### (Violation of Labor Code §§ 1194, 1194.2, and 1197;
### Wage Order No. 9-2001, § 4)

67.    Plaintiffs hereby incorporate by reference paragraphs 1 through 66, as though they are fully set forth herein.

68.    Labor Code § 1197 provides that "[t]he minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful."

69.    Labor Code § 1194, subdivision (a) provides that "[n]otwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal

minimum wage ... is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage ... including interest thereon, reasonable attorney's fees, and costs of suit."

70.     Labor Code § 1194.2 provides in pertinent part that "[i]n any action under Section ...1193.6 or Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

71.     Pursuant to IWC Wage Order No. 9-2001, at all times material hereto, "[h]ours worked" includes the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

72.     Pursuant to § 4 of IWC Wage Order No. 9-2001, each Plaintiff was entitled to receive not less than $8.00 per hour for all hours worked.

73.     At all times relevant during the liability period, under the provisions of Wage Order No. 9-2001, each Plaintiff should have received not less than the minimum wage in a sum according to proof for the time worked, but were not so compensated.

74.     For all hours that each Plaintiff worked, they are entitled to not less than the California minimum wage and, pursuant to Labor Code § 1194.2(a) liquidated damages in an amount equal to the unpaid minimum wages and interest thereon. Pursuant to Labor Code § 1194, each Plaintiff is also entitled to their attorneys' fees, costs and interest according to proof.

75.     At all times relevant during the liability period, Defendants willfully failed and refused, and continue to willfully fail and refuse, to pay each Plaintiff the amounts owed.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

76.     Defendants unlawful conduct alleged herein occurred in the course of employment of each Plaintiff and Defendants have done so continuously throughout the filing of this complaint.

77.     As a direct and proximate result of Defendants violation of Labor Code § 1197, each Plaintiff and Class Member has suffered irreparable harm and money damages entitling each to damages, injunctive relief and/or restitution.  Plaintiff and Class Members seek damages and all other relief allowable including all wages due while working as Defendants drivers, attorneys' fees, liquidated damages, prejudgment interest, and as to those employees no longer employed by Defendants, waiting time penalties pursuant to Labor Code § 200 *et seq.*

78.     Each Plaintiff and Class Member is entitled to back pay, pre-judgment interest, liquidated damages, statutory penalties, attorneys' fees and costs, and for Plaintiffs and Class Members no longer employed, waiting time penalties pursuant to Labor Code § 200 *et seq.*

79.     It is requested that this Court issue an Order to enforce Defendants to pay minimum wage and to enjoin and stop Defendants from engaging in this practice of not paying minimum wage.

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES DUE UPON SEPARATION**
**(Violation of Labor Code § 203)**

80.     Plaintiffs hereby incorporate by reference paragraphs 1 through 79, as though they are fully set forth herein.

81.     California Labor Code §§ 201 and 202 require Defendants to pay all compensation due and owing to former drivers at or around the time employment is terminated.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

82.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by §§ 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

83.     At all times relevant during the liability period, each Plaintiff was an employee of Defendants covered by Labor Code § 203.

84.     Defendants willfully failed to pay Plaintiffs and Class Members who are no longer employed by Defendants for their uncompensated hours, unlawful deductions, and missed, untimely or on-duty meal and rest periods upon their termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202. As a result, Defendants are liable to each Plaintiff and Class Member who is no longer employed by Defendants for waiting time penalties amounting to thirty days wages for each such Plaintiff pursuant to California Labor Code § 203.

85.     It is requested that this Court issue an Order to enforce Defendants to pay all wages due upon separation and to enjoin and stop Defendants from engaging in this practice of not paying all wages due when due upon separation.

**FIFTH CAUSE OF ACTION**
**FAILURE TO PAY ALL WAGES OWED EVERY PAY PERIOD**
**(Violation of Labor Code § 204)**

86.     Plaintiffs hereby incorporate by reference paragraphs 1 through 85, as though they are fully set forth herein.

87.     California Labor Code § 204 establishes the fundamental right of all employees in the State of California to be paid wages in a timely fashion for their work.

88.     At all times relevant during the liability period, Defendants failed to pay each Plaintiff and Class Member the full amount of all owed wages when due as required by California Labor Code § 204.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

89.     Defendants failed to pay each Plaintiff and Class Member all wages earned each pay period.  Each Plaintiff and Class Member is informed, believes, and thereon alleges, that at all times relevant during the liability period, Defendants maintained a policy or practice of not paying each Plaintiff minimum wages for all hours worked, premium wages for all missed meal and rest periods, engaged in self-help unlawful deductions and failed to reimburse employees for business expenses.

90.     As a result of Defendants unlawful conduct, each Plaintiff has suffered damages in an amount, subject to proof, to the extent they were not paid all wages each pay period. The precise amount of unpaid wages is not presently known to each Plaintiff but can be determined directly from Defendants records or indirectly based on information from Defendant's records.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL PERIODS**
**(Violation of Labor Code §§ 512 & 226.7; IWC Wage Order No. 9-2001, § 11)**

91.     Plaintiffs hereby incorporate by reference paragraphs 1 through 90, as though they are fully set forth herein.

92.     California Labor Code § 226.7(a) provides, "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

93.     IWC Order No. 9-2001(11)(A) provides, in pertinent part, that [n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee."

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

94.    Section 512(a) of the California Labor Code provides, in pertinent part, that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

95.    As alleged herein, Defendants failed to authorize and permit uninterrupted meal periods during the liability period. Each Plaintiff was routinely required to work without an uninterrupted meal break at the direction of Defendants and/or with Defendants knowledge, consent and acquiescence.

96.    By Defendants actions, inactions and conduct in requiring its employees to work through meal periods and/or its failure to relieve drivers of their duties for their off-duty meal periods.

97.    Defendants have violated California Labor Code § 226.7 and§ 11 of IWC Wage Order No. 9-2001, and is liable to each Plaintiff.

98.    As a result of the unlawful acts of Defendants, Plaintiffs and Class Members have been deprived of timely off-duty meal periods, and are entitled to recovery under Labor Code    § 226.7(b) and § 11 of IWC Wage Order No. 9·2001, in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide its drivers with timely statutory off-duty meal periods.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

99.     It is requested that this Court issue an Order to enforce Defendants to provide meal periods and to enjoin and stop Defendants from engaging in this practice of not providing meal periods.

100.    Plaintiffs' California meal break claims are not preempted by the Federal Motor Carrier Safety Administration's Hours of Service Regulations (49 U.S.C. 31141) because the Plaintiffs and Class Members are and were short-haul drivers (49 CFR 351.3(a)(3)(ii) who operate(d) within a 100-mile radius (49 CFR 351.1(e)(1)(i)) and/or who return to and are released from the reporting location within 12 consecutive hours (49 CFR 351.1(e)(1)(ii)).

**SEVENTH CAUSE OF ACTION**
**FAILURE TO PROVIDE REST PERIODS**
**(Violation of Labor Code §§ 226.7, 512, and 1194;**
**IWC Wage Order No. 9-1001, § 12)**

101.    Plaintiffs hereby incorporates by reference paragraphs 1 through 100, as though they are fully set forth herein.

102.    California Labor Code § 226.7(a) provides that "[n]o employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission."

103.    IWC Order No. 9-2001(12)(A) provides, in pertinent part, that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.  However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 ½) hours.  Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages."

104.   IWC Order No. 9-2001(12)(8) further provides that "[i]f an employer fails to provide an employee with a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided."

105.   As alleged herein, Defendants failed to authorize and permit rest breaks during the liability period.  Each Plaintiff was routinely required to and did work through rest periods at the direction of Defendants and/or with Defendants knowledge and acquiescence.

106.   By its actions in requiring its employees during the liability period to work through rest periods, Defendants violated § 12 of IWC Wage Order No. 9-2001 and California Labor Code § 226.7, and is liable to each Plaintiff.

107.   Defendants unlawful conduct, action and inaction as alleged herein occurred in the course of employment of each Plaintiff and such conduct has continued through the filing of this complaint.

108.   As a direct and proximate result of Defendants unlawful action, Plaintiffs and Class Members have been deprived of timely rest periods and/or were not paid for rest periods taken during the liability period, and are entitled to recovery under Labor Code § 226.7(b) in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide employees with timely and/or paid rest periods.

109.   It is requested that this Court issue an Order to enforce Defendants to provide rest periods and to enjoin and stop Defendants from engaging in this practice of not providing rest periods.

110.   Plaintiffs' California rest break claims are not preempted by the Federal Motor Carrier Safety Administration's Hours of Service Regulations (49 U.S.C. 31141)

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

because the Plaintiffs and Class Members are and were short-haul drivers (49 CFR 351.3(a)(3)(ii)) who operate(d) within a 100-mile radius (49 CFR 351.1(e)(1)(i)) and/or who return to and are released from the reporting location within 12 consecutive hours (49 CFR 351.1(e)(1)(ii)).

**EIGHTH CAUSE OF ACTION**
**FAILURE TO FURNISH TIMELY AND ACCURATE WAGE STATEMENTS**
**(Violation of Labor Code §§ 226 and 226.3)**

111.    Plaintiffs hereby incorporates by reference paragraphs 1 through 110, as though they are fully set forth herein.

112.    California Labor Code § 226(a) provides that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee[ ... ], (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, ... (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee ... "

113.    Labor Code § 226(e) provides that an employee is entitled to recover $50 for the initial pay period in which a violation of § 226 occurs and $100 for each subsequent pay period, as well as an award of costs and reasonable attorneys' fees, for

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

all pay periods in which the employer knowingly and intentionally failed to provide accurate itemized statements to the employee causing the employee to suffer injury.

114.   Plaintiffs are informed, believe and thereon allege that at all times relevant, Defendants knowingly and intentionally failed to furnish and continues to knowingly and intentionally fail to furnish each Plaintiff with timely and accurate itemized statements showing the gross wages earned by each of them, as required by Labor Code § 226(a), in that the payments owed to each Plaintiff  for unpaid minimum wages, unlawful deductions, reimbursable expenses, and missed meal and rest periods, were not included in gross wages earned by each Plaintiff.

115.   Defendants failure to provide each Plaintiff with accurate itemized wage statements during the liability period has caused each Plaintiff to incur economic damages in that they were not aware that they were owed and not paid compensation for missed rest periods and on-duty meal periods and for hours and workweeks worked without receiving minimum wage pay.  In addition, Defendants provided inaccurate information regarding hours worked, which masked its underpayment of wages to each Plaintiff.

116.   As a result of Defendants issuance of inaccurate itemized wage statements to each Plaintiff and Class Member is in violation of Labor Code § 226(a), Plaintiffs and Class Members are each entitled to recover penalties pursuant to § 226(e) of the Labor Code.

117.   It is requested that this Court issue an Order to enforce Defendants to provide accurate itemized wage statements and to enjoin and stop Defendants from engaging in this practice of not providing accurate wage statements.

/ / /

/ / /

1

2

**NINTH CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION ACT**
**(Violation of Business and Professions Code §§ 17200 *et seq.*)**

118.    Plaintiffs hereby incorporate by reference paragraphs 1 through 117, as though

they are fully set forth herein.

119.    Section 17200 of the California Business and Professions Code (hereinafter

"UCL") prohibits any unlawful, unfair, or fraudulent business practices.

120.    Through its action alleged herein, Defendants have engaged in unfair

competition within the meaning of the UCL. In addition to the allegations contained

in this complaint, Defendants' conduct, action and inaction includes, but not limited

to: offering and selling insurance as an unlicensed agent and broker; over charging for

insurance; failing to provide a proper accounting for deductions; providing sham

documents and agreements; violating California laws and statutes; and engaging in a

fraudulent scheme with third parties to undermine California laws, federal regulations

and statutes, by engaging in a subterfuge to avoid employee status for Defendants own

economic self dealing and profit at the expense of each Plaintiff.  Defendants' conduct,

action and inaction, as alleged herein, constitutes unlawful, unfair, and/or fraudulent

business practices under the UCL.

121.    Moreover, Defendants unlawful conduct under the UCL includes, but is not

limited to, violating the Labor Codes, as alleged herein.  Defendants unfair conduct

under the UCL includes, but is not limited to, failure to pay each Plaintiff his/her due

and proper wages and compensation each earned through labor provided, and failing

to otherwise compensate each Plaintiff and Class Member as alleged herein.

Defendants fraudulent conduct and scheme includes, but is not limited to, issuing

wage statements containing false and/or misleading information about the time that

each Plaintiff worked and the amount of wages or compensation due.

**GOMEZ LAW GROUP**
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

29

122.   Each Plaintiff and Class Member has standing to assert this claim because each has suffered injury in fact and has lost money as a result of Defendants' conduct.

123.   Plaintiff seeks restitution, including disgorgement from Defendants, and an injunction prohibiting it from engaging in the unlawful, unfair, and/or fraudulent conduct alleged herein.

124.   As result of Defendants' conduct, action and inaction, Plaintiffs are entitled to punitive and exemplary damages.

## TENTH CAUSE OF ACTION
### VIOLATION OF CALIFORNIA'S PRIVATE ATTORNEY GENERAL ACT
### (Violation of Labor Code § 2698 *et seq.)*

125.   Plaintiffs hereby incorporate by reference the preceding paragraphs 1 through 124 as though they are fully set forth herein.

126.   Each Plaintiff and Class Member, by virtue of their respective employment with Defendants and Defendants' failure to pay all wages due and its unlawful employment classification scheme, is an aggrieved employee with standing to bring an action under the Private Attorney General Act (hereinafter "PAGA").

127.   Plaintiffs have satisfied all prerequisites to serve as a representative of the general public to enforce California's labor laws, including, without limitation, the penalty provisions identified in Labor Code § 2699.5.

128.   Since the Labor & Workforce development Agency (hereinafter "LWDA") took no steps within the time period required to intervene and because Defendants took no corrective action to remedy the allegations set forth above Plaintiff, as a representative of the people of the State of California, will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the Department of Labor Standards Enforcement (hereinafter "DLSE"). This includes, each of the following, as is set forth in Labor Code § 558.

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

129.   Plaintiffs allege on behalf of the general public and acting as private attorney general, that Defendants have violated Labor Code § 558 and additional provisions of the California Labor Code which entitle the State of California to a 75% share of the recovery of penalties otherwise only capable of being collected by state agencies.

130.   Since the LWDA took no steps within the time period required to intervene and because Defendant took no corrective action to remedy the allegations set forth above, Plaintiff, as a representative of the people of the State of California, will seek any and all penalties otherwise capable of being collected by the Labor Commission and/or the DLSE.  This includes, any of the applicable statutes as is set forth in Labor Code § 2699.5, and includes the penalty provisions, without limitation, based on the following sections:  201, 201.3, 201.5, 201.7, 202, 203, 203.1, 203.5, 204, 204a, 204b, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, and 224, subdivision (a) of Section 226, Sections 226.7, 227, 227.3, 230, 230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, and Labor Code sections 233.

131.   Plaintiff is informed and believes that Defendants have violated and continues to violate provisions of the California Labor Code related to the payment of wages, the failure to provide meal and rest periods to the affected group of employees, the failure to provide accurate itemized wage statements, engages is self-help unlawful deductions, fails to reimburse employees for business expenses, and has and continues to knowingly and intentionally fail to pay all wages due in a timely fashion for all employees whose employment is or has been terminated during the class period. Plaintiffs, as representatives of the general public, seek to recover said penalties, damages, back wages and all relief that, in addition to his individual and could only be obtained by the DLSE, the California Department of Industrial

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

31

Relations, the IWC and/or the Labor Commissioner of the State of California.

132.   In addition to restitution, the recovery of unpaid back wages and the recovery of premium pay for unpaid wages, and violations of the applicable Wage Orders relating thereto, each Plaintiff, as a personal representative of the general public, will and does seek to recovery any and all penalties for each and every violation shown to exist or to have occurred during the liability Period, in an amount according to proof. Said funds recovered will be distributed in accordance with the PAGA, with at least 75% of said PAGA penalty recovery being reimbursed to the State of California and the LWDA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, each Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, prays for judgment against Defendants as follows:

1.   An Order pursuant to Code of Civil Procedure § 382 certifying this action as a class action on behalf of the Class defined herein and appointing each Plaintiff as a representative of the general public under the PAGA and a Class Representative of the class action claims, and that Gomez Law Group be appointed class counsel and counsel for the general public in pursing public remedies in addition to individual and class-wide interests;

2.   For penalties as provided, per violation, by Labor Code § 226.8;

3.   For all reimbursable expenses due to each Plaintiff during the liability period;

4.   For all and unlawful deductions due to each Plaintiff during the liability period;

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008

5.      For all unpaid minimum wages due to each Plaintiff during the liability period;

6.      For all liquidated damages due to each Plaintiff on their respective minimum wage claim pursuant to Labor Code § 1194.2;

7.      For waiting time penalties for each Plaintiff who is no longer employed by Defendants pursuant to Labor Code § 203;

8.      For one (1) hour of wages due to each Plaintiff for each work period of more than four (4) hours when they did not receive an uninterrupted ten (10) minute rest period;

9.      For one (1) hour of wages due to each Plaintiff for each work period of more than five (5) hours when they did not receive an uninterrupted thirty minute meal period;

10.      For statutory penalties under Labor Code § 226(e);

11.      For statutory penalties under Labor Code § 226.3;

12.      For an order requiring Defendants to comply with all Labor Codes including but not limited to Labor Code § 226(a) with respect to all currently employed members of the Class;

13.      For restitution and disgorgement pursuant to the Business and Professions Code §§ 17200 *et seq.*;

14.      For an order enjoining Defendants from further unfair and unlawful business practices in violation of Business and Professions Code §§ 17200 e*t seq.*;

15.      For all other appropriate injunctive, declaratory and/or equitable relief;

16.      For pre-judgment and post-judgment interest to the extent permitted by law;

FOURTH AMENDED CLASS ACTION COMPLAINT FOR DAMAGES

17.    For an award of attorneys' fees and costs incurred in the investigation, filing and prosecution of this action pursuant to Code of Civil Procedure § 1021.5, Business and Professions Code §§ 17200 *et seq.*, Labor Code § 1194 and any other applicable provision of law;

18.    For an accounting, under administration of Plaintiffs and/or the receiver and subject to Court review, to determine the amount to be returned by Defendants, and the amounts to be refunded to each Plaintiff and damage party, who are owed monies by Defendants;

19.    General, special and consequential damages, to the extent allowed by law;

20.    Costs of suit; and

21.    Such other relief as the Court may deem just and proper.

DATED:   December 4, 2019          **GOMEZ LAW GROUP**
By:
/s/Alvin M. Gomez

_____
**ALVIN M. GOMEZ, Esq.**
Attorneys for Plaintiffs

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury.

DATED:   December 4, 2019          **GOMEZ LAW GROUP**
By:
/s/Alvin M. Gomez

_____
**ALVIN M. GOMEZ, Esq.**
Attorneys for Plaintiffs

GOMEZ LAW GROUP
A PROFESSIONAL CORPORATION
2725 JEFFERSON STREET, SUITE 7
CARLSBAD, CALIFORNIA 92008