SCOTT VOELZ (SBN 181415)
svoelz@omm.com
ALEXANDER J. LARRO (SBN 287737)
alarro@omm.com
CHRISTIANNA KYRIACOU MANTAS
(SBN 313379)
ckyriacou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California  90071-2899
Telephone:  +1 213 430 6000
Facsimile:   +1 213 430 6407

*Attorneys for Defendants XPO Logistics Port Services, LLC, XPO Port Services, Inc., XPO Logistics, Inc., XPO Logistics, LLC, XPO Intermodal Solutions, Inc., and XPO Intermodal Services, LLC*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VICTOR CORTEZ ARRELLANO, AND ON BEHALF OF ALL UNNAMED PLAINTIFFS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>XPO PORT SERVICE INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-08220-RGK-E<br><br>**DEFENDANTS' UNOPPOSED APPLICATION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>Dept:     850<br>Judge:    Hon. R. Gary Klausner<br><br>Consolidated with Case No.:<br>2:19-CV-09199-RGK-E<br><br>Related to Case Nos.:<br>2:18-cv-03736-RGK-E<br>2:18-cv-06175-RGK-E<br>2:18-cv-09144-RGK-E |

**UNOPPOSED APPLICATION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to Civil Local Rules 79-5 and 79-5.2.2(a) and the Stipulated Amended Protective Order (*Alvarez et al. v. XPO Logistics Cartage, LLC et al.* ("*Alvarez*"), Case No. 2:18-cv-03736-RGK-E, Dkt. 107), Defendants XPO Logistics Port Services, LLC, XPO Port Services, Inc., XPO Logistics, Inc., XPO Logistics, LLC, XPO Intermodal Solutions, Inc., and XPO Intermodal Services, LLC (collectively, "Defendants" or "XPO") make this Application to file under seal the enclosed documents or specific portions thereof: (1) the underlined portions of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification ("Defendants' Opposition"); (2) Exhibits A, D, and X to the Declaration of Scott Voelz in Support of Defendants' Opposition ("Voelz Declaration"); (3) the underlined portions of Exhibits B, G, H, I, J, L, M, O, P, R, S, V, W, and Y to the Voelz Declaration; and (4) the underlined portions of the Declarations of Hector Carranza, Carlos Cota, and Jose Moran in Support of Defendants' Opposition (the "Declarations"). These documents contain highly sensitive information regarding XPO's business strategy and business models as well as the business strategies and models utilized by XPO contractors, which, if revealed publicly, could harm XPO's and the contractors' competitive standing. (*See* Exhibit A to the Decl. of Scott Voelz ("Voelz Sealing Decl."), filed concurrently herewith, at ¶¶ 4-13.)

Certain of the above referenced documents, including another Independent Contractor Operating Contract like Exhibit A and the Safety Matters guide excerpts that make up Exhibit D, were the subject of XPO's application to seal filed on October 31, 2019 in a related matter. (*Alvarez* Dkt. 160.) On November 12, 2019, the then-presiding Court granted XPO's application to seal with respect to these materials. (*Alvarez* Dkt. 172.)

Prior to filing this Application, Defendants' counsel conferred with Plaintiffs' counsel and identified the materials at issue. Plaintiffs' counsel advised that Plaintiffs do not oppose this Application. (*See* Voelz Sealing Decl. ¶ 20.)

## I. LEGAL STANDARD

Courts "recognize a general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). This right, however, is not absolute. *Id.* at 598. A party seeking to seal documents attached to a dispositive motion must "'articulate[] compelling reasons'" to keep the records sealed. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). However, "'the vast majority of [] courts within this circuit' treat motions for class certification as non-dispositive motions to which the 'good cause' sealing standard applies." *Dugan v. Lloyds TSB Bank, PLC*, 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) (alteration in original); *see also Santos v. TWC Admin. LLC, No.*, 2014 WL 12703020, at *2 (C.D. Cal. May 27, 2014). Here, there are compelling reasons and there is good cause for non-disclosure of the documents described above.

Under the "compelling reasons" standard, courts weigh a party's "compelling reasons" justifying non-disclosure, including "whether disclosure of the material could result in improper use of the material . . . or infringement upon trade secrets" and the "public interest in understanding the judicial process." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 & n.6 (9th Cir. 2010). Courts "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets.'" *Kamakana*, 447 F.3d at 1179. In fact, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption [of public access]." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011). "'[A] trade secret may consist of any

formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (applying Ninth Circuit law and quoting Restatement (First) of Torts § 757, cmt. b).

Accordingly, courts have found compelling reasons to seal documents that would reveal a company's business strategy and business models, because disclosure of this information could harm the company's competitive standing. *See Koninklijke Philips N.V. v. Elec-Tech Int'l Co., Ltd.*, 2015 WL 581574, at *2-3 (N.D. Cal. Feb. 10, 2015) (finding compelling reasons to seal contracts regarding the terms and conditions of an employment relationship); *Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (noting that courts in the Ninth Circuit have sealed documents containing information about proprietary business operations, a company's business model, agreements with clients, and internal policies and strategies); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal documents containing "confidential business material," as "[p]ublic disclosure . . . could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies"); *Rich v. Shrader*, 2013 WL 6028305, at *4 (S.D. Cal. Nov. 13, 2013) (finding compelling reasons to seal "business strategies and secrets," as "[s]uch information may be utilized by business competitors seeking to gain an advantage by circumventing the time and resources necessary to develop their own business strategies and models").

Under the "good cause" standard, courts will shield documents from public disclosure where the parties express their intent to keep the document confidential. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). On June 20, 2019, this Court entered a Stipulated Amended Protective Order ("Amended

Protective Order") governing the disclosure of confidential, proprietary, non-public or private information. (Dkt. 107.) Where, as here, "a district court grants a protective order to seal documents during discovery, the Court has already determined that good cause exists to protect the documents from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Melaleuca Inc. v. Bartholomew*, 2012 WL 5931690, at *1 (D. Idaho Nov. 27, 2012). Courts also have found "good cause" to seal confidential information, where "the disclosure of th[e] information could cause Defendants[] competitive harm." *In re High-Tech Employee Antitrust Litig.*, 2013 WL 163779, at *5 (N.D. Cal. Jan. 15, 2013) (sealing "confidential information regarding Defendants' compensation and recruiting strategies, policies, and procedures").

As discussed above, on November 12, 2019, the then-presiding Court granted XPO's application to seal with respect to another contract like Exhibit A as well as the Safety Matters Guide attached as Exhibit D on the same grounds advanced in this current Application. (*Alvarez* Dkt. 172.)

## II. COMPELLING REASONS AND GOOD CAUSE EXIST FOR FILING THE IDENTIFIED DOCUMENTS UNDER SEAL

Defendants' Opposition and the above-referenced documents submitted along with it should be filed under seal because the contents therein contain Defendants' confidential documents and business information or the Contractors' confidential documents and business information.

Exhibit A to the Voelz Declaration—an Independent Contractor Operating Contract entered into between XPO Port Services, Inc. and Plaintiff Manuel de Jesus Martinez Mejia—discloses the details of XPO's independent contractor model and compensation structure, public disclosure of which would harm Defendants' profitability. (*See* Voelz Sealing Decl. ¶¶ 12-15, Ex. A ¶¶ 4-7.) If this document were publicly disclosed, XPO would be disadvantaged, as its competitors would gain unfair insight into XPO's internal business model and strategies and

could therefore avoid investing the time and resources XPO has by adopting its business strategies and thereby undercut XPO's business—and those of the owner-operators and entities with which it contracts—by offering customers lower prices. (*Id.*) Disclosure of this document would thus harm XPO's competitive advantage. (*Id.*) Furthermore, Defendants designated this document as confidential pursuant to the parties' Amended Protective Order, which governs the disclosure of confidential and proprietary information. (*See Alvarez* Dkt. 107.) As such, both parties intend to keep these documents from public disclosure, as evidenced by their decision to enter into a protective order preventing disclosure of, among other things, confidential business information. (*See id.* ¶ 2.) Accordingly, Exhibit A to the Voelz Declaration should be filed under seal to comply with the terms of the Amended Protective Order and to prevent harm to Defendants from the public disclosure of their confidential and sensitive business information.

Exhibit D to the Voelz Declaration—the Safety Matters Guide—should be filed under seal because it contains XPO's internal information, which has not been publicly disclosed. (Voelz Sealing Decl. ¶¶ 16-17, Ex. A ¶ 8.) Disclosure of the Safety Matters Guide would harm XPO and put it at a competitive disadvantage because XPO's competitors would obtain key information about its business strategies and practices with respect to safety. (*Id.*) In addition, Defendants designated the Safety Matters Guide as confidential pursuant to the parties' Amended Protective Order. (*Alvarez* Dkt. 107.) Therefore, Exhibit D to the Voelz Declaration should be filed under seal to comply with the terms of the Amended Protective Order and to prevent XPO's confidential information from being made publicly available and thereby harming Defendants' competitive edge and profitability.

Exhibit X to the Voelz Declaration—a putative class list—should be filed under seal because it contains the names of individuals and incorporated entities with which XPO has contracted during the putative class period, information that

has not been publicly disclosed. (Voelz Sealing Decl. ¶ 18, Ex. A ¶ 9.) Disclosure of the putative class list would harm XPO and put it at a competitive disadvantage because XPO's competitors would obtain information regarding the number of contractors XPO contracts with, and it would likewise reveal identifying information of those contractors. (*Id.*) In addition, Defendants designated the putative class list as confidential pursuant to the parties' Amended Protective Order. (*Alvarez* Dkt. 107.) Therefore, Exhibit X to the Voelz Declaration should be filed under seal to comply with the terms of the Amended Protective Order and to prevent XPO's (and putative class members') confidential information from being made publicly available.

The underlined portions of the deposition transcripts of William Maleski, Felix Nunez Duarte, Edgardo Villatoro, Gerald Daniels, Manuel de Jesus Martinez Mejia, Hector Carranza, Christina Hernandez, Guillermo Sabory, Louis Guy, and Jeffrey Trauner, excerpts from which are attached as Exhibits B, G, H, I, J, L, M, O, P, R, S, and Y to the Voelz Declaration, and the underlined portions of Felix Nunez Duarte's Interrogatory Responses and the letter from Alexander Larro to Plaintiffs' counsel, copies of which are attached as Exhibits V and W to the Voelz Declaration, should be filed under seal, along with the underlined portions of the Declarations. These portions of the depositions, declarations, and other documents contain highly sensitive and confidential information that has not been publicly disclosed, including the names of XPO's customers and vendors and XPO's internal pricing strategy, operating systems and programs, and operations information, such as XPO's dispatching practices. (Voelz Sealing Decl. ¶ 19, Ex. A ¶¶ 10-12.) If this information were disclosed publicly, XPO would be at a significant competitive disadvantage because its competitors would gain unfair insight into XPO's pricing strategy, its operating systems and programs, and other operations and could therefore avoid investing the time and resources XPO has by adopting XPO's models, programs, and operational structure. (*Id.*) This, in turn,

would harm XPO's competitive edge and decrease its profitability. (*Id.*) In addition, the disclosure of the names of XPO's customers and vendors would provide XPO's competitors unfair insight into XPO's customer base and the vendors with which it works, and XPO's competitors could contact those customers to offer competing services or those vendors to start working with them, harming XPO's competitive edge and decreasing its profitability. (*Id.*) Furthermore, the Declarations contain non-public information about how specific Contractors have chosen to operate their businesses, including the number of drivers they have hired or contracted with and their work for other companies in addition to XPO. (Voelz Sealing Decl. ¶ 19, Ex. A ¶ 13.)

The underlined portions of Defendants' Opposition on pages 2, 4-5, 8, 10, and 22 should be filed under seal because those portions disclose and rely on the confidential information contained in the documents described above. (Voelz Sealing Decl. ¶ 19.)

For these reasons, Defendants respectfully request that the Court grant this application to file under seal the portions of the documents indicated below pursuant to Local Rule 79-5.2.2(a):

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit A to the Voelz Declaration, Independent Contractor Operating Contract between XPO Port Services, Inc. and Plaintiff Manuel de Jesus Martinez Mejia, executed on March 8, 2016 | Entire Document |
| Exhibit B to the Voelz Declaration, 30(b)(6) Deposition of William Maleski, December 20, 2018 | Underlined Portion on page 20 |

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit D to the Voelz Declaration, Safety Matters: Contractor's Guide to XPO Intermodal's Operations, Environmentalism, Security, and Safety Matters, August 2018 | Entire Document |
| Exhibit G to the Voelz Declaration, Deposition of Felix Nunez Duarte, October 1, 2019 | Underlined Portions on pages 56, 92, and 108 |
| Exhibit H to the Voelz Declaration, Deposition of Edgardo Villatoro, March 3, 2020 | Underlined Portions on pages 55, 82-84, 99, and 130 and on Errata page 1 |
| Exhibit I to the Voelz Declaration, Deposition of Gerald Daniels, February 26, 2020 | Underlined Portions on pages 55, 57-60, and 113-14 |
| Exhibit J to the Voelz Declaration, Deposition of Manuel de Jesus Martinez Mejia, March 4, 2020 | Underlined Portion on page 77 |
| Exhibit L to the Voelz Declaration, Deposition of Hector Carranza, July 25, 2019 | Underlined Portions on pages 17, 59, 75-76, 92, and 96 and on Errata pages 1 and 3 |
| Exhibit M to the Voelz Declaration, Deposition of Christina Hernandez, September 5, 2019 | Underlined Portions on pages 75-76 |
| Exhibit O to the Voelz Declaration, Deposition of Guillermo Sabory, August 1, 2019 | Underlined Portions on pages 55, 70, 72, 78, 128, and 151 and Errata page 3 |

| Document | Portions to Be Filed Under Seal |
|---|---|
| Exhibit P to the Voelz Declaration, Deposition of William Maleski, August 15, 2019 | Underlined Portions on page 25 |
| Exhibit R to the Voelz Declaration, 30(b)(6) Deposition of Louis Guy, August 8, 2019 | Underlined Portion on page 95 |
| Exhibit S to the Voelz Declaration, Deposition of Jeffrey Trauner, August 16, 2019 | Underlined Portions on pages 56-57 |
| Exhibit V to the Voelz Declaration, Plaintiff Felix Nunez Duarte's Response to Defendant/Cross-Complainant Special Interrogatories – Set One, dated September 17, 2019 | Underlined Portion on page 6 |
| Exhibit W to the Voelz Declaration, Letter from Alexander Larro to Plaintiffs' Counsel, dated May 26, 2020 | Underlined Portions on page 3 |
| Exhibit X to the Voelz Declaration, Putative Class List | Entire Document |
| Exhibit Y to the Voelz Declaration, 30(b)(6) Deposition of William Maleski, August 15, 2019 | Underlined Portions on pages 61 and 102 |
| Declaration of Hector Carranza in Support of Defendants' Opposition | Underlined Portions in paragraphs 3, 5, 7, and 9-11 |
| Declaration of Carlos Cota in Support of Defendants' Opposition | Underlined Portions in paragraphs 3-9, 11-12, and 14 |

| Document | Portions to Be Filed Under Seal |
|---|---|
| Declaration of Jose Moran in Support of Defendants' Opposition | Underlined Portions in paragraphs 3-5 and 8-12 |
| Defendants' Opposition | Underlined Portions on pages 2, 4-5, 8, 10, and 22 |

Dated: June 22, 2020

SCOTT VOELZ
O'MELVENY & MYERS LLP

By: /s/ Scott Voelz
      Scott Voelz

Attorneys for Defendants XPO Logistics Port Services, LLC, XPO Port Services, Inc., XPO Logistics, Inc., XPO Logistics, LLC, XPO Intermodal Solutions, Inc., and XPO Intermodal Services, LLC