SCOTT VOELZ (SBN 181415)
svoelz@omm.com
ANDREW J. WEISBERG (SBN 307519)
aweisberg@omm.com
CHRISTIANNA KYRIACOU MANTAS
(SBN 313379)
ckyriacou@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, California 90071-2899
Telephone: + 1 213 430 6000
Facsimile: + 1 213 430 6407

*Attorneys for Counter-Claimant XPO Logistics Cartage, LLC and Defendants XPO Port Services Inc., XPO Logistics Port Services, LLC, and XPO Logistics, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CORTEZ ARRELLANO, AND ON BEHALF OF ALL UNNAMED PLAINTIFFS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>XPO PORT SERVICE INC.; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:18-cv-08220-RGK-E<br><br>**DEFENDANTS' APPLICATION FOR LEAVE TO FILE CERTAIN DOCUMENTS UNDER SEAL**<br><br>Date: July 26, 2021<br>Time: 9:00 a.m.<br>Crtrm: 850<br>Judge: Hon. R. Gary Klausner<br><br>Discovery Cutoff: July 9, 2021<br>Pretrial Conference: August 23, 2021<br>Trial Date: September 7, 2021<br><br>Related to Case No.:<br>2:18-cv-03736-RGK-E |

| | |
|---|---|
| 1 | XPO LOGISTICS CARTAGE, LLC, |
| 2 | |
| 3 | Cross-Complainant, |
| 4 | v. |
| 5 | REYNALDO GOMEZ ACOSTA, and SERVANDO AVILA LUCIANO, |
| 6 | |
| 7 | Cross-Defendants. |

# APPLICATION TO FILE DOCUMENTS UNDER SEAL

Pursuant to Civil Local Rules 79-5 and 79-5.2.2(a) and the Stipulated Amended Protective Order (Dkt. 107), Defendants XPO Port Services Inc.,[1] XPO Logistics Port Services, LLC, and XPO Logistics, Inc. (collectively, "Defendants" or "XPO") make this Application to file under seal the enclosed documents or specific portions thereof: (1) the highlighted portions of Defendants' Motion for Partial Summary Judgment (the "Motion") and Separate Statement of Uncontroverted Facts and Legal Conclusions ("Separate Statement"); (2) Exhibits to the Declaration of Scott Voelz in Support of Defendants' Motion ("Voelz Declaration") and portions thereof; and (3) the highlighted portions of the Declarations of Carlos Cota and Jose Moran.  These documents contain highly sensitive information regarding XPO's business strategy and business models, which, if revealed publicly, could harm XPO's competitive standing.  (*See* Exhibit A to the Voelz Sealing Declaration, filed concurrently herewith, at ¶ 6.)  In addition, Defendants request that the Court provisionally seal Exhibits Q, R, T, BB, and CC, as Plaintiffs have designated these documents or portions thereof as "Confidential" pursuant to the Stipulated Amended Protective Order.

Prior to filing this Application, Defendants' counsel conferred with Plaintiffs' counsel and identified the materials at issue.  Plaintiffs' counsel did not indicate that they oppose this Application.  (*See* Voelz Sealing Decl. ¶ 18.)

## I. LEGAL STANDARD

Courts "recognize a general right to inspect and copy public records and documents, including judicial records." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978).  This right, however, is not absolute. *Id.* at 598.  A party seeking to seal documents attached to a dispositive motion must "'articulate[] compelling reasons'" to keep the records sealed. *Kamakana v. City & Cty. of*

---

[1] XPO Port Services, Inc. is the predecessor company to XPO Logistics Port Services, LLC.  XPO Port Services, Inc. is now a defunct entity.

*Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  Here, there are compelling reasons for non-disclosure of the documents described above.

Under the "compelling reasons" standard, courts weigh a party's "compelling reasons" justifying non-disclosure, including "whether disclosure of the material could result in improper use of the material . . . or infringement upon trade secrets" and the "public interest in understanding the judicial process." *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 679 & n.6 (9th Cir. 2010).  Courts "refuse[] to permit their files to serve . . . as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.  "'[C]ompelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets.'" *Kamakana*, 447 F.3d at 1179.  In fact, "[t]he publication of materials that could result in infringement upon trade secrets has long been considered a factor that would overcome th[e] strong presumption [of public access]." *Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011).  "'[A] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.'" *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1222 (Fed. Cir. 2013) (applying Ninth Circuit law and quoting Restatement (First) of Torts § 757, cmt. b).

Accordingly, courts have found that the "compelling reasons" standard is met where the documents at issue would reveal a company's business strategy and business models, because disclosure of this information could harm the company's competitive standing. *See Velasco v. Chrysler Grp. LLC*, 2017 WL 445241, at *2 (C.D. Cal. Jan. 30, 2017) (noting that courts in the Ninth Circuit have sealed documents containing information about proprietary business operations, a

company's business model, agreements with clients, and internal policies and strategies); *Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons to seal documents containing "confidential business material," as "[p]ublic disclosure . . . could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies"); *Rich v. Shrader*, 2013 WL 6028305, at *4 (S.D. Cal. Nov. 13, 2013) (finding compelling reasons to seal "business strategies and secrets," as "[s]uch information may be utilized by business competitors seeking to gain an advantage by circumventing the time and resources necessary to develop their own business strategies and models").

## II. COMPELLING REASONS EXIST FOR FILING THE IDENTIFIED DOCUMENTS UNDER SEAL

The above-referenced documents should be filed under seal because the contents therein contain Defendants' confidential documents and business information or the confidential documents and business information of XPO contractors.

There are compelling reasons to seal Exhibits A, B, C, D, E, F, G, H, I, DDD, EEE, RRR, and SSS to the Voelz Declaration, which are Independent Contractor Operating Contracts ("ICOC") and schedules thereto, and the settlement statements for Plaintiffs Felix Duarte, Servando Luciano, and Reynaldo Acosta.  These documents contain highly sensitive and confidential business information regarding the details of XPO's independent contractor business model, including the rates XPO pays to independent contractors for their services pursuant to the ICOC, and policies and procedures pertaining to independent contractors.  Specifically, the ICOCs and settlement statements reflect and discuss Defendants' independent-contractor model, pursuant to which XPO contracts with commercial truck owner-operators. These ICOCs detail the contractual settlement rates XPO offers to

contractor owner-operators, the allocation of business expenses and repair costs, and the respective rights and obligations of XPO and owner-operators in the scope of their contractual relationship. None of the internal data and information regarding XPO's business strategies reflected or discussed in these documents has been publicly disclosed. If these documents were publicly disclosed, XPO would be disadvantaged, as its competitors would gain unfair insight into XPO's independent contractor business model and could therefore avoid investing the time and resources XPO has by adopting XPO's business strategies and could thereby undercut XPO's business. (Voelz Sealing Decl. ¶ 14.) This, in turn, would harm Defendants' competitive edge and decrease their profitability. (*Id.*)

There is compelling reason to file under seal portions of the depositions of William Maleski, Wayne Stevenson, Jeffrey Trauner, and Tim Williams, excerpts from which are included as Exhibits MM, RR, UU, VV, WW, and ZZ to the Voelz Declaration, as well as portions of the deposition testimony of Plaintiffs Gerald Daniels, Edgardo Villatoro, and Ruben Aldrete, included as Exhibits N, O, and FF to the Voelz Declaration. Further, there is compelling reason to file under seal the previously filed versions of the Declarations of Hector Carranza, Raymond Limuaco, Armando Rodriguez, Wayne Stevenson, Blair Davis, Carlos Penilla, and Sam Zilfa, and exhibits thereto, attached as Exhibits FFF, GGG, HHH, JJJ, LLL, MMM, NNN, OOO, PPP, and QQQ to the Voelz Declaration. These declarations and attachments thereto were filed in support of Defendants' Opposition to Plaintiffs' Renewed Motion for Class Certification, and this Court previously granted Defendants' Application to Seal, including as to these exhibits. (Dkt. 289.) There is also compelling reason to file under seal the Declarations of Carlos Cota and Jose Moran, filed in support of Defendants' Motion for Partial Summary Judgment. These depositions and declarations contain highly sensitive and confidential information that has not been publicly disclosed, including the names of XPO's customers and XPO's internal pricing strategy, operating systems and

programs, and operations information, such as the number of contractors at various terminals. Voelz Sealing Decl., ¶¶ 13-14.) If this information were disclosed publicly, Defendants would be at a significant competitive disadvantage because its competitors would gain unfair insight into XPO's pricing strategy, its operating systems and programs, and other operations and could therefore avoid investing the time and resources XPO has by adopting XPO's models, programs, and operational structure. (*Id.*) This, in turn, would harm XPO's competitive edge and decrease its profitability. Furthermore, the declarations contain confidential, non-public information about how XPO contractors have chosen to operate their businesses, including the number of drivers they have hired or contracted with and how they have determined their pay, their selection of insurance and maintenance providers, and their work for other companies in addition to XPO.

Defendants also request that the Court seal Exhibits BBB and CCC to the Voelz Declaration. These documents are XPO's employee handbook and driver qualification guidelines, which contain the internal information of XPO, including safety and operations strategies and practices, and have not been publicly disclosed. Disclosure of these documents would put XPO at a competitive disadvantage because its competitors would obtain key information about XPO's business strategies. (Voelz Sealing Decl. ¶ 15.)

The highlighted portions of Defendants' Motion on pages 5, 6, 11-15, 17, 18, and 23and the highlighted portions of Defendants' Separate Statement on pages 1, 2, 8, 9, 11, 18, 24, 26, 35-43, 48-49, 52, 63-67, 69-70, 74, 79-83, 89, 93-95, and 105-107 should be filed under seal because those portions disclose and rely on the confidential information contained in the documents described above.

For these reasons, Defendants respectfully request that the Court grant this application to file under seal the portions of the documents indicated below pursuant to Local Rule 79-5.2.2(a):

| Document | Portions to be Filed Under Seal |
|---|---|
| Defendants' Motion for Partial Summary Judgment (the "Motion") | Highlighted Portions on Pages 5, 6, 11-15, 17, 18, and 23 |
| Separate Statement of Uncontroverted Facts and Conclusions of Law ("Separate Statement") | Highlighted Portions on Pages 8-10, 12, 17, 19, 20, 23-30, 42, 44, 45, 57-59, 62-64, 67, 72, 81-82, 85-86, 88-91, 98, 101, 103-105, 116, and 138 |
| Exhibit A to the Voelz Declaration, ICOC signed by Plaintiff Reynaldo Acosta | Entire Document |
| Exhibit B to the Voelz Declaration, ICOC signed by Plaintiff Servando Luciano | Entire Document |
| Exhibit C to the Voelz Declaration, ICOC signed by Plaintiff Felix Nunez Duarte | Entire Document |
| Exhibit D to the Voelz Declaration, ICOC signed by Plaintiff Edgardo Villatoro | Entire Document |
| Exhibit E to the Voelz Declaration, ICOC signed by Plaintiff Edgardo Villatoro | Entire Document |
| Exhibit F to the Voelz Declaration, ICOC signed by Plaintiff Edgardo Villatoro | Entire Document |
| Exhibit G to the Voelz Declaration, ICOC signed by Plaintiff Manuel De Jesus Martinez Mejia | Entire Document |
| Exhibit H to the Voelz Declaration, ICOC signed by Plaintiff Manuel De Jesus Martinez Mejia | Entire Document |
| Exhibit I to the Voelz Declaration, ICOC | Entire Document |

| Document | Portions to be Filed Under Seal |
|---|---|
| signed by Plaintiff Gerald Daniels | |
| Exhibit N to the Voelz Declaration, Excerpts from Deposition of Gerald Daniels, taken on February 26, 2020 | Highlighted Portions on Pages 667, 668, 674, 675 |
| Exhibit O to the Voelz Declaration, Excerpts from Deposition of Edgardo Villatoro, taken on March 3, 2020 | Highlighted Portions on Page 704 |
| Exhibit FF to the Voelz Declaration, Excerpts from Deposition of Ruben Aldrete, taken on October 10, 2019 | Highlighted Portions on Pages 865 |
| Exhibit MM to the Voelz Declaration, Excerpts from Deposition of William Maleski, taken on December 20, 2018 | Highlighted Portions on Pages 921, 922, 923 |
| Exhibit RR to the Voelz Declaration, Excerpts from Deposition of Wayne Stevenson, taken on July 18, 2019 | Highlighted Portions on Pages 948, 949 |
| Exhibit UU to the Voelz Declaration, Excerpts from Deposition of William Maleski, taken on August 15, 2019 | Highlighted Portions on Page 970 |
| Exhibit VV to the Voelz Declaration, Excerpts from Deposition of Jeffrey Trauner, taken on August 16, 2019 | Highlighted Portions on Page 974 |
| Exhibit WW to the Voelz Declaration, Excerpts of Deposition of Wayne Stevenson, taken on February 25, 2020 | Highlighted Portions on Page 979 |
| Exhibit ZZ to the Voelz Declaration, | Highlighted Portions on Page |

| Document | Portions to be Filed Under Seal |
|---|---|
| Deposition of Tim Williams, taken on April 23, 2021 | 1004 |
| Exhibit BBB to the Voelz Declaration, Driver Qualification Guidelines | Entire Document |
| Exhibit CCC to the Voelz Declaration, Employee Handbook | Entire Document |
| Exhibit DDD to the Voelz Declaration, Settlement Statements of Plaintiff Felix Nunez Duarte | Entire Document |
| Exhibit EEE to the Voelz Declaration, Settlement Statements of Plaintiff Servando Luciano | Entire Document |
| Exhibit FFF to the Voelz Declaration, previously-filed Declaration of Hector Carranza | Highlighted Portions on Pages 1148, 1149, 1150, 1151, 1152 |
| Exhibit GGG to the Voelz Declaration, previously-filed Declaration of Blair Davis | Highlighted Portions on Pages 1156, 1157, 1158, 1159, 1160 |
| Exhibit HHH to the Voelz Declaration, Exhibit A to the Declaration of Blair Davis | Entire Document |
| Exhibit JJJ to the Voelz Declaration, Exhibit C to the Declaration of Blair Davis | Entire Document |
| Exhibit LLL to the Voelz Declaration, previously-filed Declaration of Raymond Limuaco | Highlighted Portions on Pages 1175, 1177, 1178 |
| Exhibit MMM to the Voelz Declaration, previously-filed Declaration of Carlos | Highlighted Portions on Pages 1182, 1183, 1184, 1186, 1187 |

| Document | Portions to be Filed Under Seal |
|---|---|
| Penilla | |
| Exhibit NNN to the Voelz Declaration, previously-filed Declaration of Armando Rodriguez | Highlighted Portions on Pages 1190, 1192, 1193 |
| Exhibit OOO to the Voelz Declaration, previously-filed Declaration of Wayne Stevenson | Highlighted Portions on Pages 1197, 1198, 1199, 1200 |
| Exhibit PPP to the Voelz Declaration, Exhibit A to the Declaration of Wayne Stevenson | Entire Document |
| Exhibit QQQ to the Voelz Declaration, previously-filed Declaration of Sam Zilfa | Highlighted Portions on Pages 1216, 1217 |
| Exhibit RRR to the Voelz Declaration, ICOC signed by JMM Trucking, LLC | Entire Document |
| Exhibit SSS to the Voelz Declaration, Settlement Statements of Plaintiff Reynaldo Acosta | Entire Document |
| Declaration of Carlos Cota | Highlighted Portions on Pages 2-6 |
| Declaration of Jose Moran | Highlighted Portions on Pages 2-6 |

## III. THE COURT SHOULD PROVISIONALLY SEAL DOCUMENTS PLAINTIFFS DESIGNATED CONFIDENTIAL

Pursuant to the Amended Protective Order (Dkt. 107), Plaintiffs have designated as "Confidential" Exhibits Y, Z, AA, BB, and TTT in their entirety and portions of Exhibits J, K, L, N, P, VVV, and YYY.

Defendants have filed this Application to comply with the terms of the

- 11 -

DEFS.' APP.
TO FILE UNDER SEAL
2:18-CV-08220-RGK-E

Amended Protective Order. At this time, Defendants do not oppose Plaintiffs' confidentiality designations. Presumably, counsel for the Plaintiffs will file declarations in support of their confidentiality designations pursuant to Civil Local Rule 79-5.2.2(b)(i). For these reasons, Defendants respectfully request that the Court provisionally seal the following documents or portions thereof:

| Document | Portions to be Filed Under Seal |
| --- | --- |
| Defendants' Motion for Partial Summary Judgment (the "Motion") | Highlighted Portions on Pages 12-14 |
| Separate Statement of Uncontroverted Facts and Conclusions of Law ("Separate Statement") | Highlighted Portions on Pages 29, 95, 96 |
| Exhibit Q to the Voelz Declaration, Excerpts from Deposition of Plaintiff Jesus Carreon, taken on June 10, 2019 | Highlighted Portions on Pages 749, 751, 752 |
| Exhibit R to the Voelz Declaration, Exhibit 3 to Deposition of Plaintiff Jesus Carreon, taken on June 10, 2019 | Highlighted Portions on Pages 754, 755, 756 |
| Exhibit T to the Voelz Declaration, Exhibit 4 to Deposition of Plaintiff Jairo Moreno Martinez, taken on June 11, 2019 | Highlighted Portions on Pages 773, 774, 775, 776 |
| Exhibit BB to the Voelz Declaration, Exhibit 3 to the Deposition of Edgar Mendoza, taken on October 18, 2019 | Entire Document |
| Exhibit CC to the Voelz Declaration, Exhibit 4 to the Deposition of Edgar Mendoza, taken on October 18, 2019 | Entire Document |

Dated: June 11, 2021

SCOTT VOELZ
O'MELVENY & MYERS LLP

By: /s/ *Scott Voelz*
     Scott Voelz

Attorneys for Counter-Claimant XPO Logistics Cartage, LLC and Defendants XPO Port Services Inc., XPO Logistics Port Services, LLC, and XPO Logistics, Inc.

- 13 -

DEFS.' APP.
TO FILE UNDER SEAL
2:18-CV-08220-RGK-E